IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DYANA THOMAS                                                                                    PETITIONER

V.                                                         CIVIL ACTION NO. 4:25-CV-00151-RPC-DAS

ANGELENA JOHNSON                                                                          RESPONDENT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of Dyana Thomas for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss the petition as time-barred. Petitioner filed a response to the motion, and Respondent filed a reply in support. The matter is now ripe for resolution. For the reasons set forth below, Respondent's motion to dismiss will be granted and the instant petition will be dismissed with prejudice as untimely filed.

**Procedural Background**

Petitioner Dyana Thomas is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the East Mississippi Correctional Facility located in Meridian, Mississippi. *See* Docs. 1, 8. On August 27, 2019, a Grand Jury in the Circuit Court of Leflore County, Mississippi, indicted Thomas on one count of sexual battery for "engag[ing] in sexual penetration" with "a child whose age was 17, her date of birth being January 29, 2002" while Thomas "occupied the following position of trust or authority over the child: the child's assistant vice principal at Holmes Central High School." Doc. 14-2 at 6; *see also* Doc. 14-1 at 59.

On July 20, 2021, Thomas signed and submitted a "Petition to Enter a Guilty Plea" to the charge of sexual battery, in which he acknowledged the maximum and minimum penalties and set forth the "facts of the crime committed by [him]", reciting the exact verbiage used in the

indictment. Doc. 14-2 at 122-124; *see also* Doc. 15-2. On that same date, Thomas' attorney signed a "Certificate of Counsel" in which, among other things, he declared that he had fully explained to Thomas the allegations against him, the possible penalties associated with a guilty plea, and affirmed the statements made by Thomas were correct. *Id.* at 125.

The trial court held a plea hearing on July 20, 2021, during which the trial judge asked Thomas a number of questions regarding his understanding of the allegations against him and the consequences of entering a guilty plea as well as satisfaction with his attorney's representation. Doc. 14-3 at 33-43. After engaging in this exchange, the court was satisfied that Thomas' plea was "freely and voluntarily given", that there was "a factual basis to support the charge" and accepted the plea. *Id.* at 42-43. The trial court further noted that the plea was an "open plea" meaning that there was no recommendation as to the sentence to be imposed. *Id.* at 43.

On July 23, 2021, Thomas appeared before the trial court for sentencing, after which a judgment was entered imposing a term of thirty (30) years in MDOC custody, with fifteen (15) years to serve, followed by five (5) years on post-release supervision and ten (10) years of unsupervised probation. Doc. 15-2; *see also* Docs. 14-2 at 168-169; 14-3 at 46-96. The Sentencing Order was signed and filed on the docket on July 27, 2021. *See id.*

More than two years later, on December 13, 2023, Thomas, represented by counsel, filed a "Motion for Post-Conviction Relief Pursuant to Mississippi Section 99-39-1, et seq." and an accompanying memorandum of law in support of the motion ("PCR motion") in the Leflore County Circuit Court. Doc. 14-3 at 3-5, 9-21. In that filing, Thomas raised various claims related to the alleged ineffective assistance of trial counsel resulting in an involuntary plea. *See id.*

In an Order entered on February 29, 2024, the trial court denied Thomas' PCR motion, finding that Thomas' plea "was freely, knowingly, and voluntarily given" and that his claims for

2

ineffective assistance of counsel were "unsupported by the evidence and without merit." *Id.* at 108-116; *see also* Doc. 15-3. The trial court further found that Thomas' "sentence [wa]s within the prescribed statutory limits" and that he was not entitled to an evidentiary hearing. *Id.* Thomas, through counsel, submitted a "Motion to Reconsider" the trial court's denial of his PCR motion which was filed on the trial court's docket on March 8, 2024. *Id.* at 187-189. The trial court entered an Order denying Thomas' motion to reconsider on March 19, 2024. *Id.* at 190; *see also* Doc. 15-4. Thomas did not appeal the trial court's denial of these motions.

More than a year later, on May 15, 2025, Thomas, proceeding *pro se*, filed a "Motion for Leave to File Successive Petition for Post-Conviction Relief" in the Mississippi Supreme Court. Doc. 14-1 at 13-29. However, in a letter signed on August 20, 2025, and filed on September 4, 2025, Thomas requested "to voluntarily dismiss/withdraw the pending application for leave to file a successive motion for post-conviction relief." *Id.* at 3. As a result, in an Order dated September 18, 2025, the Mississippi Supreme Court granted Thomas' request and dismissed his second PCR motion. *Id.* at 1; *see also* Doc. 15-5 [1]

On September 15, 2025, Thomas initiated these proceedings by submitting a thirty-one (31) page typed petition for federal habeas relief under 28 U.S.C. § 2254 which was filed on the Court's docket on September 18, 2025. Doc. 1. On September 25, 2025, Thomas signed and submitted an amended petition which was filed on the Court's docket on September 29, 2025. Doc. 8. Thomas raises six grounds for relief (as set forth by Petitioner): (1) involuntary/unknowing plea; (2) no factual basis for position of trust or authority element; (3) ineffective assistance of trial

---

[1] It is noted that the undersigned was a member of the Mississippi Supreme Court at the time of entry of the dismissal order. As noted, this dismissal was at Thomas's request and entered on procedural grounds by a single justice, not the undersigned and, therefore, constitutes no conflict.

3

counsel (*Strickland*/*Hill*); (4) denial of counsel at critical stages and illegal arrest/detention; (5) *Brady*/evidence preservation/phone-search scope (with IAC); and (6) sentencing due process (*Townsend*/*Tucker*/*Gardner*). Doc. 8 at 5-11, 16-19 (emphasis added to identify case law referenced); *see also* Doc. 1.

Thomas opines that his petition is timely under the "factual predicate" provision or, alternatively, because he is entitled to equitable tolling. Docs. 1 at 1-2, 19; 8 at 13-14. And while he concedes that "some of his claims" are unexhausted, he believes he can overcome any "procedural default" by proving "cause and prejudice" or a "fundamental miscarriage of justice." Docs. 1 at 27-29; 8 at 19-20. The Court entered an Order on September 30, 2025, directing Respondent to answer Thomas' petition on or before December 15, 2025. Doc. 11. In turn, on December 15, 2025, Respondent moved to dismiss Thomas' petition as untimely filed. Doc. 15. Thomas filed his response in opposition on December 31, 2025, and Respondent filed its reply in support on January 12, 2026. Docs. 20, 22.

## One-Year Limitations Period

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion to dismiss shall be granted turns on the statute's limitations period, which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United

    States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

## AEDPA Application to Guilty Plea

  Mississippi law does not provide for a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Under current Fifth Circuit law, a Mississippi judgment issued pursuant to a guilty plea is considered final ninety (90) days after sentencing on the plea. *See Wallace v. Mississippi*, 43 F. 4th 482, 497-501 (5th Cir. 2022); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that if a petitioner fails to seek certiorari review in the United States Supreme Court, "the judgment becomes final at the 'expiration of his time for seeking such review'—when the time for pursuing direct review in [the Supreme Court], or in the state court, expires"); Sup. Ct. R. 13.1 and 13.3. Thomas was sentenced on July 23, 2021, and the Sentencing Order was filed on July 27, 2021. *See* Doc. 15-2; *see also* Docs. 14-2 at 168-169; 14-3 at 46-96. Thomas' conviction, therefore, became final on October 25, 2021 (July 27, 2021, plus 90 days). Accordingly, absent statutory or equitable tolling, or any other exception, Thomas' federal habeas petition must have been filed on or before October 25, 2022, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

## AEDPA's Factual Predicate Exception Inapplicable

5

The Court first addresses Thomas' argument that the "factual predicate" provision of AEDPA applies in this case. Under the factual-predicate provision, AEDPA's one-year limitations period runs from "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244 (d)(1)(D)(emphasis added). "[A] petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *Starns v. Andrews*, 524 F.3d 612, 619 (5th Cir. 2008).

A petitioner may use the factual predicate start date to overcome the expiration of the limitations period when he "is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support the claim." *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (quoting *In re Davila*, 888 F.3d 179, 189 (5th Cir. 2018)). AEDPA "does not convey a statutory right to an extended delay, in this case [nearly three years], while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). "The essential question is . . . whether the petitioner should be expected to take actions which would lead him to the information." *Osborne*, 934 F.3d at 434 (citation omitted).

As previously noted, Thomas argues that his "petition is timely under 28 U.S.C. § 2244(d)(1)(D) because the factual predicate of [his] claims— challenging the alleged "defective plea colloquy (no explanation of a critical element; wrong statute cited on the plea form; confusing habitual-offender advisement), the prosecutor's off-record remark at sentencing, and the pre-plea statutory and constitutional violations (no § 99-3-28 hearing for an educator, no 48-hour probable cause review)—were not reasonably discoverable until [Thomas] obtained the transcripts and case file in Spring 2024." Doc. 1 at 1; Doc. 8 at 6-17.

6

Thomas does not adequately explain his nearly three-year-long delay in "discovering" his claims. Thomas opines that these claims "were not reasonably discoverable until [he] obtained the transcripts and case file in Spring 2024." Doc. 1 at 1. Thomas' PCR counsel, however, attached the transcripts and other relevant documents as exhibits to Thomas' first PCR motion filed in December 2023. Thus, contrary to his assertion, the transcripts and case file were available to him at least as early as December 2023, if not before. Additionally, the claims Thomas now asserts are not "new" but rather would have existed at the time of plea and sentencing, well before the limitations period expired. As such, Thomas fails to explain how he could not have discovered his claims earlier "through the exercise of due diligence" and, consequently, has failed to demonstrate the applicability of AEDPA's factual-predicate provision.

### Statutory Tolling Inapplicable

Thomas must have filed an application for post-conviction relief on or before October 25, 2022, to statutorily toll the federal limitations period. Thomas, through counsel, first sought post-conviction relief in the Leflore County Circuit Court on December 13, 2023. Doc. 14-3 at 3-5, 9-21. Thomas, proceeding *pro se*, filed a second post-conviction motion in the Mississippi Supreme Court on May 15, 2025. Doc. 14-1 at 13-29. As the first of the state PCR motions was filed more than one year *after* the federal limitations period had expired, Thomas' instant federal habeas petition is not subject to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted).

### Equitable Tolling Inapplicable

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930

7

(5th Cir. 2000) (per curiam) (internal quotations omitted). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (pe). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). A court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Thomas argues he is entitled to equitable tolling and asserts the following "extraordinary circumstances": "his attorneys' impediments (trial counsel's ineffectiveness; PCR counsel's omissions; failure of prior counsel to turn over the case file; and Petitioner's inability to afford the $10,000 fee an attorney demanded for an appeal) combined to prevent timely filing". Doc. 1 at 1. Thomas further points to the delay in receiving materials from the prison law library, the lack of timely access to research and documents, and his *pro se* status. *Id.* at 1-2.

Thomas' allegations regarding counsel are insufficient. To warrant equitable tolling, the petitioner must demonstrate some act of attorney deception or professional misconduct rising to the level of "egregious behavior." *See Holland*, 560 U.S. at 649-53; *see also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). At most, Thomas merely alleges that he received mistaken or bad advice amounting to "mere attorney error or neglect [which] is not an extraordinary circumstance such that equitable tolling is justified." *Riggs*, 314 F.3d at 799; *see also Brown v. Thaler*, 455 F. App'x 401, 407 (5th Cir. 2011); *Withers v. Jones*, 2010 WL 3328267, at * 3 (S.D. Miss. July 29, 2010). Moreover, any dissatisfaction with PCR counsel "is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). And as

8

to Thomas' remaining arguments, the Fifth Circuit has consistently held that the inability to obtain legal research materials (or "inadequacies of [a] prison's law library"), ignorance of the law, or proceeding *pro se* are not rare and exceptional circumstances that warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d at 170; *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Thomas has failed to demonstrate that an "extraordinary circumstance" prevented him from timely filing the instant petition. Even assuming, *arguendo*, that he had made such a showing, he must also show that "he pursued his rights diligently." *Smith v. Vannoy*, 848 F. App'x 624, 628 (5th Cir. 2021) (citations omitted). To prove diligence, Thomas must show that was a "causal relationship between the extraordinary circumstance and his delay" and this showing "cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance." *Id.* "[E]quitable tolling is unavailable to 'those who sleep on their rights.'" *Huley v. Thaler*, 421 F. App'x 386, 390 (5th Cir. 2011) (citation omitted).

Thomas waited until December 2023, more than two years after his plea and sentence was final in October 2021, and more than a year after the October 2022 federal habeas filing deadline, to file his first state PCR motion. *See, e.g. Prater v. Hooper*, 2023 WL 2987571, at *1 (5th Cir. Apr. 18, 2023) (citing *Jackson v, Davis*, 933 F.3d 408, 411 (5th Cir. 2019))(determining that a petitioner's "failure to file his state habeas application for almost a full year after his conviction became final for purposes of § 2244(d)(1)(A) strongly weighs against equitable tolling"). Thomas further failed to appeal the trial court's denial of his PCR motion and then waited more than a year to file a second PCR motion. Under these circumstances, Thomas has failed to show that he pursued his rights diligently. Thomas, therefore, has failed to establish the applicability of equitable tolling.

**Claim of Actual Innocence Fails to Overcome Procedural Bar**

Thomas additionally argues that while he "may be guilty of a lesser offense (sexual battery without the position-of-trust aggravator), [] he is 'actually innocent' of the charged enhancement requiring abuse of a position of trust or authority." Doc. 1 at 29. "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief," such as the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner makes a credible showing of actual innocence if, based on *new* evidence, he "show[s] that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 395. A petitioner must prove "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citations omitted). The threshold showing for a credible claim of actual innocence is "extraordinarily high." *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

Seemingly in support of his actual innocence argument, Thomas asserts that he is "actually innocent" of the charged enhancement of being in a position of trust or authority. Doc. 1 at 29. Thomas, however, has failed to submit "new" evidence sufficient to demonstrate that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (citations omitted). Moreover, Thomas pled guilty to the charge, including the enhancement, and a guilty plea "greatly magnifies the difficulty in proving his innocence, as '[s]olemn declarations in open court carry a strong presumption of verity.'" *Pipkin v. Cain*, No. 3:23-CV-434-MPM-JMV, 2024 WL 2736162, at *9 (N.D. Miss. May 28, 2024) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thomas has wholly failed the "daunting challenge" in sufficiently invoking the actual innocence exception. *See McQuiggin*, 569 U.S. at 386 (citations

10

omitted) (*comparing* cases holding that "a plea of guilty forecloses invocation of actual innocence" exception *with* cases acknowledging the availability of the exception with the "daunting challenge" that a petitioner faces when attempting to prove "actual innocence" of a guilty plea). In sum, Thomas has failed to make the requisite showing of actual innocence to overcome a procedural bar.

## **Timeliness Calculation**

Under the "mailbox rule," the Court considers Thomas' federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citation omitted). Thomas signed his initial petition on September 15, 2025, and it was received and "filed" on the Court's docket on September 18, 2025. *See* Doc. 1. As such, Thomas filed the instant petition more than two years after the October 25, 2022, filing deadline. Thomas' petition is, therefore, time-barred.

## **Evidentiary Hearing Unnecessary**

In his initial petition, Thomas generally requests an evidentiary hearing, *see* Doc. 1 at 26-27, 30, but the Court finds that such a hearing is not warranted on the circumstances presented. A federal habeas corpus proceeding is not meant to determine a petitioner's guilt or innocence, nor to retry his case; instead, resolution of the proceeding determines *only* whether the petitioner's constitutional rights have been violated. *Herrera v. Collins*, 506 U.S. 390, 400-01 (1993)(citations omitted); *Ellis v. Collins*, 956 F.2d 76, 78 (5th Cir. 1992). Consequently, facts found in a habeas corpus evidentiary hearing must bear on whether the trial or appeal of the criminal case violated the petitioner's constitutional rights. Given the clarity of the record before the Court, a hearing is not necessary to rule on Thomas' petition.

Title 28 U.S.C. § 2254(e)(2) sets the standard for determining whether an evidentiary hearing is necessary – and states that a federal court may *not* hold an evidentiary hearing on claims that a petitioner *could* have developed in state court proceedings – unless two criteria are met. First, the claim must rely on a new rule of constitutional law, expressly made retroactive to cases on collateral review. 28 U.S.C. § 2254(e)(2)(A). Second, an evidentiary hearing is appropriate when the factual predicate for the claim could not have been previously discovered with *due diligence*. *Id.* If those criteria are met, the petitioner must then show that the proffered facts underlying the claim "would be sufficient to establish *by clear and convincing evidence* that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B) (emphasis added).

Thomas has not shown that, under the requirements of 28 U.S.C. § 2254(e)(2), he would be entitled to an evidentiary hearing. In fact, he has made no substantive argument in support of his request for a hearing. The claims raised in Thomas' petition are procedurally barred. *See Guillory v. Cain*, 303 F.3d 647, 649-50 n.5 (5th Cir. 2002)(noting the restrictive nature of evidentiary hearings under 28 U.S.C. § 2254(e)). As the facts in the record clearly support these conclusions, an evidentiary hearing would be superfluous. For these reasons, Thomas has not shown that an evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2) and Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Thomas must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for

writ of habeas corpus is rejected on procedural grounds, Thomas must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth above, Respondent's Motion [15] to Dismiss will be **GRANTED**, and the instant petition for a writ of habeas corpus will be **DISMISSED with prejudice** as untimely filed. The Court further **DENIES** a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED**, this the 17th day of February, 2026.

/s/ Robert P. Chamberlin
**UNITED STATES DISTRICT JUDGE**